UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

CIVIL ACTION NO. 06-114-DLB

DONALD SCOTT                                                                             PLAINTIFF


vs.                       **MEMORANDUM OPINION & ORDER**


MICHAEL J. ASTRUE, Commissioner
SOCIAL SECURITY ADMINISTRATION                                           DEFENDANT


\* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Donald Scott filed applications for a period of disability, disability insurance benefits (DIB), and Supplemental Security Income (SSI) payments on February 7, 2003. (Tr. 71-74, 125-29). Noteworthy to the pending appeal is that Plaintiff filed previous applications for DIB and SSI on February 13, 2002. Those claims were denied initially, on reconsideration (tr. 34), and by an administrative law judge's (ALJ's) post-administrative hearing decision issued on January 29, 2003 (tr. 34-42) that became final upon the December 21, 2004, denial of further review by the Appeals Council (tr. 45-47).

In the instant applications, Plaintiff alleges he became unable to work on November 30, 1999, due to neck and low back pain, left hand and elbow pain, chronic

obstructive pulmonary disease, nervousness, anxiety, and depression. (Tr. 75, 82-84, 117-20, 129). His claims were denied initially and on reconsideration. (Tr. 50-54, 56-58, 131-35, 137-39). At Plaintiff's request, an administrative hearing was conducted on May 9, 2005, by ALJ Andrew J. Chwalibog. (Tr. 358-83). ALJ Chwalibog issued his written decision on July 25, 2005. (Tr. 14-23). In it, he rejected Plaintiff's construed request to reopen the prior ALJ decision via Plaintiff's present assertion of a disability onset date prior to that earlier decision of January 29, 2003. (Tr. 15) This denial was based upon his finding that Plaintiff had failed to submit any new, material evidence as to that 2003 decision and so no good cause for reopening had been established. *See* 20 C.F.R. §§ 404.987(b), 404.988(b), 416.1487(b), and 416.1488(b).

ALJ Chwalibog's July 25, 2005, decision ultimately concluded that Plaintiff was not disabled under Social Security standards and therefore not entitled to DIB or SSI payments. (Tr. 14-23). This decision became the final decision of the Commissioner when the Appeals Council denied review on May 22, 2006. (Tr. 4-6).

On June 5, 2006, Plaintiff filed the instant action. The matter has culminated in cross motions for summary judgment, which are now ripe for adjudication.

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Secretary of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.    The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of his disability.[1] (Tr. 15). At Step 2, the ALJ found Plaintiff's degenerative disc disease of the cervical and lumbar spines, chronic obstructive pulmonary disease, obesity, left ulnar neuropathy, major depressive disorder and anxiety disorder not otherwise specified be severe impairments within the meaning of the regulations. (Tr. 18,

---

[1] Plaintiff's alleged onset date is November 30, 1999; however, due to the denial of Plaintiff's request to reopen the previous ALJ decision, the allegations of disability prior to January 30, 2003, were not considered.

25).  At Step 3, the ALJ found that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4. (Tr. 16-18).

At Step 4, the ALJ found that Plaintiff retains the residual functional capacity (RFC) to perform a significant range of light work.  Specifically, the ALJ found that Plaintiff can lift/carry 20 pounds occasionally, 10 pounds frequently; he must be able to alternate between sitting and standing at 30 minute intervals; can occasionally climb ramps and stairs, stoop, kneel, and crawl; can never perform constant or repetitive action with the left upper extremity; and never climb ladders, ropes, or scaffolds. (Tr. 20).  Mentally, the ALJ found that Plaintiff is moderately limited in his ability to maintain attention and concentration for extended periods; complete a normal workday and workweek without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; interact appropriately with the general public and respond appropriately to changes in the work setting; is able to understand, remember and persist with routine, even-paced tasks; relate adequately in lower social demand situations; and adapt to routine predictable task demands. (Tr. 20).  Based upon this RFC, the ALJ concluded at Step 4 that Plaintiff was unable to perform all of the requirements of his past relevant work as a maintenance worker, furniture delivery worker, delivery driver, or rodman (tr. 20), and so proceeded to the final step of the sequential evaluation.

At Step 5, the ALJ found that there were a significant number of jobs available to Plaintiff in the national and regional economies, despite his limitations. (Tr. 21).  This conclusion resulted from testimony by a vocational expert (VE), in response to a

hypothetical question assuming an individual of Plaintiff's age (51 at the time of the ALJ's decision and so an individual "closely approaching advanced age"), education (high school equivalency), past relevant work experience (no material transferable skills), and RFC. (Tr. 380-81). The VE testified that Plaintiff could obtain employment at the light exertional level as a machine tender/monitor or production inspector; and at the sedentary exertional level as a small parts assembler or surveillance monitor. (*Id.*). Since these were positions of significant number in both the regional and national economies, the ALJ concluded Plaintiff was not disabled under the Social Security Act. (Tr. 23).

### C. Analysis

In this appeal, Plaintiff's sole contention of error is that the ALJ committed reversible error because he was required to recontact one-time consultative examiner Dr. Roy Stauffer in order to remedy Dr. Stauffer's inadequate or incomplete report, but failed to do so. The Commissioner argues in response that Dr. Stauffer's report was not inadequate nor incomplete, that recontact was therefore unnecessary, and that the ALJ properly considered Dr. Stauffer's opinions in reviewing the record in this case.

Dr. Stauffer performed a physical consultative examination of Plaintiff on March 25, 2003. (Tr. 218). The exertional recommendations in Dr. Stauffer's report limited Plaintiff to sedentary, rather than light, work. (Tr. 220-21). Although ALJ Chwalibog accepted certain of Dr. Stauffer's recommendations, he rejected this sedentary limitation, concluding the Plaintiff retained the capacity to perform a range of both sedentary and light work. (Tr. 19-20). The ALJ did not make this determination in a vacuum. Rather, he explained in the following detail how he reached this conclusion:

> The March 2003 consultative examining physician opined the claimant is limited to a range of sedentary work (Exhibit C-9F). This assessment has not, however, been given great weight, as the same is inconsistent with the overall medical record and the objective medical findings. The examining physician based his assessment primarily upon the findings of left upper extremity weakness and diminished left upper extremity range of motion (Id). However, the objective findings show the claimant retains 120° of left elbow flexion, 60° of left elbow supination, and 60° of left elbow pronation (Id). Such range of motion results in little limitation in the claimant's use of the left upper extremity. Mr. Scott further testified he is able to use both his hands for activities such as lifting and carrying. In this regard, the objective findings and the claimant's testimony are inconsistent with a limitation to sedentary work.

(Tr. 20). Thus, the ALJ reviewed Dr. Stauffer's opinions against the objective medical and other evidence presented of record. Such is the ALJ's function to weigh what he finds to be adequate evidence of record and resolve conflicts therein so as to carry out the duties with which he is charged. *Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994); *Hall v. Bowen,* 837 F.2d 272, 276 (6th Cir. 1988).

Moreover, this case is somewhat atypical in that Plaintiff did not start out with a blank slate. Rather, ALJ Chwalibog had before him the January, 2003 ALJ's decision wherein Plaintiff was found capable of performing light work. (Tr. 41). As the ALJ correctly noted, under *Drummond v. Comm'r of Social Security,* 126 F.3d 837, 842 (6th Cir. 1997), he is permitted to look to and rely upon that earlier finding absent evidence of a change in Plaintiff's situation or condition.

> . . . the treatment records show there has been no change in the claimant's physical findings or medication since January 2003, at which time the claimant was found capable of performing a range of light work (Exhibit C-1A). . . .
>
> In a previous Administrative Law Judge Decision issued January 29, 2003, the claimant was found limited to a range of light work (Exhibit C-1A). As the overall medical record shows there has been no improvement or worsening in the claimant's physical impairments since the previous Decision was

>issued, the undersigned has given greater weight to the previously adjudicated residual functional capacity than given those of the state agency medical consultants (see Drummond v. Commissioner of Social Sec., 126 F.3d 837 (6th Cir., 1997) and AR 98-4(6)).

(Tr. 20). The physical medical evidence from Plaintiff's treatment providers for 2003 forward reflects little testing was done or treatment rendered other than pain medications, given primarily for subjective complaints. (Tr. 287-95, 338-57). Moreover, the state agency medical evaluator reviewing Dr. Stauffer's report remarked that the doctor's opinion was "somewhat more restrictive in lifting and carry[ing] than would be supported by the medical findings, but the other limitations appear to be consistent." (Tr. 237).

Plaintiff protests that 20 C.F.R. §§ 404.1519p(b) and 416.919p(b) required the ALJ to recontact Dr. Stauffer because those regulations provide that "[i]f the report is inadequate or incomplete, we will contact the medical source who performed the consultative examination, give an explanation of our evidentiary needs, and ask that the medical source furnish the missing information to prepare a revised report." But Plaintiff misapplies the recontact requirement here. The regulations expressly require an ALJ to recontact a medical source in three distinct circumstances: (1) where the report contains a conflict or ambiguity that must be resolved; (2) where the report does not contain all of the necessary information; or (3) where the report does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. §§ 404.1512(e)(1); 416.912(e)(1). None of these situations is implicated in this case. Moreover, the fact that a claimant hopes or speculates that a medical source will provide additional information that is potentially helpful is not a legitimate basis upon which to require recontact.

As the Commissioner points out, the ALJ's rejection of certain of Dr. Stauffer's opinions was not based upon him leaving something out. Rather, it was premised upon the inconsistency between Dr. Stauffer's opinions and the objective medical findings and overall claim record. In such circumstances, the regulations call for the ALJ to weigh the evidence and "see whether we can decide whether you are disabled based on the evidence we have." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Here, the ALJ concluded the record contained sufficient evidence for him to make a decision on disability. And it was the role of the ALJ, not Dr. Stauffer or this Court, to resolve any conflicts in that medical evidence. *See McCann v.Califano,* 621 F.2d 829, 832 (6th Cir. 1980).

### III. CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #10) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #11) is hereby **GRANTED.**

A Judgment in favor of Defendant will be entered contemporaneously herewith.

Dated this 25th day of September, 2007.



Signed By:
*David L. Bunning*   DB
**United States District Judge**

G:\DATA\SocialSecurity\MOOs\7-06-114-Scott.MOO.wpd

-8-